432 A.2d 1101

**William SIEFERT and Diane Siefert, his wife, Appellants,**

v.

**NATIONWIDE INSURANCE.**

Superior Court of Pennsylvania.

Argued Nov. 13, 1980.

Filed July 24, 1981.

Ralph D. Conrad, Greensburg, for appellants.

David L. Robinson, Greensburg, for appellee.

Before PRICE, CAVANAUGH and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellants contend that the lower court erred in concluding that a trail bike is not a "motor vehicle" as defined by the Pennsylvania No-Fault Motor Vehicle Insurance Act.[1] We disagree and, accordingly, affirm the order of the court below.

On August 9, 1977, appellants' minor son was injured when he was struck by a 1977 Honda trail bike while he was standing along the berm of a highway in Greensburg, Pennsylvania. The bike had neither headlights, taillights, nor a horn. Appellants instituted this action to recover basic loss benefits pursuant to an insurance policy issued to them by appellee. Appellee responded that appellants were not entitled to basic loss benefits because the trail bike which struck their son was not a "motor vehicle" as defined by the No-fault Act. Because the facts were undisputed, appellee filed a motion for summary judgment, which the lower court subsequently granted. Appellants then took this appeal.

Section 201 of the No-fault Act, 40 P.S. § 1009.201, provides in part: "If the accident resulting in injury occurs in this Commonwealth, any victim ... is entitled to receive basic loss benefits in accordance with the provisions of this act." The No-fault Act defines "victim" as "an individual who suffers injury arising out of the maintenance or use of a motor vehicle . . . ." 40 P.S. § 1009.103. The term "motor vehicle" is defined as "a vehicle of a kind required to be registered under the Act of April 29, 1959 (P.L. 58, No. 32), known as The Vehicle Code." *Id.* Thus, we must consult the Motor Vehicle Code to determine whether the trail bike struck appellants' son is a "motor vehicle" for purposes of the No-fault Act.[2]

1. Act of July 9, 1974, P.L. 489, No. 176, § 101 et seq.; 40 P.S. § 1009.101 et seq. (hereinafter cited as No-fault Act).

2. The 1959 Vehicle Code, to which the No-fault Act refers for its definition of "motor vehicle," was superseded by the present Motor Vehicle Code, which became effective approximately two years after the effective date of the No-fault Act. *See* Act of June 17, 1976, P.L. 162, No. 81; 75 Pa.C.S.A. § 101 et seq. In addressing the issue presented in this case, the parties and the lower court referred only

At the time of the accident in this case, section 1302(a) of the present Motor Vehicle Code, 75 Pa.C.S.A. § 1302(a)[3] provided: "No vehicle[4] shall be operated upon any highway in this Commonwealth until the vehicle is properly registered with the department [of transportation] as provided in this chapter." Subsection (b) of section 1302, 75 Pa.C.S.A. § 1302(b), lists several kinds of vehicles which are exempt from the registration requirement; trail bikes are not included among those exemptions. Section 1306(5) of the Motor Vehicle Code, 75 Pa.C.S.A. § 1306(5), states: "The department shall refuse registration ... when any of the following circumstances exists: ... The vehicle is not constructed or equipped as required by this title." *See* 75 Pa.C.S.A. § 4303(a) ("Every vehicle, except trailers, operated on a highway shall be equipped with a head lamp system ...."); 75 Pa.C.S.A. § 4303(b) ("Every vehicle operated on a highway shall be equipped with a rear lighting system ...."); 75 Pa.C.S.A. § 4535(a) ("Every motor vehicle operated on a highway shall be equipped with a horn or other audible warning device ....")

Appellants argue that the trail bike which struck their son was a "motor vehicle" within the meaning of the No-fault Act because only those vehicles described in section 1302(b) of the Motor Vehicle Code are not required to be registered. The flaw in this argument is that section 1302(b) does not purport to list all of the exceptions to the registration requirement of the Motor Vehicle Code. Thus, the fact that

to the present Motor Vehicle Code. Because it appears that the legislature's failure to change the No-fault Act's definition of "motor vehicle" by citing the present Motor Vehicle Code is a mere oversight, we too shall apply that Code. *See* 31 Pa.Code § 66.1 (citing present Motor Vehicle Code in defining "motor vehicle" as used in No-fault Act). We note that our result in this case would be the same under the 1959 Vehicle Code.

3. Section 1302 was amended in 1979 and 1980. *See* 75 Pa.C.S.A. § 1302 (Supp.1981–82).

4. The Motor Vehicle Code defines "vehicle" as "[e]very device in, upon or by which any person or property is or may be transported upon a highway, except devices used exclusively upon rails or tracks."

section 1302(b) does not exempt trail bikes from registration does not necessarily mean that the trail bike which struck appellant's son was "a vehicle of a kind required to be registered . . . ." 40 P.S. § 1009.103. As we have seen, section 1306(5) of the Motor Vehicle Code provides that a vehicle which is not constructed or equipped as required by the Motor Vehicle Code cannot be registered. Trail bikes necessarily cannot be registered because they lack headlights, taillights, and horns.[5] From this, we conclude that a trail bike is not "a vehicle of a kind required to be registered," 40 P.S. § 1009.103, and thus the trail bike which struck appellants' son was not a "motor vehicle" as defined by the No-fault Act. Accordingly, appellants' son does not fall within the No-fault Act's definition of "victim," and appellants are therefore not entitled to basic loss benefits from appellee.

Order affirmed.

---

5. In response to appellee's motion for summary judgment, appellants submitted an affidavit of the parts manager of a Honda motorcycle dealer who stated that 1977 Honda motorcycles of the type which struck appellants' son are off-the-road trail bikes which are not designed for use on public highways because they lack headlights, taillights, turn signals, and horns.