484 A.2d 773

**David BINDERNAGEL, Appellant,**

**v.**

**NATIONWIDE MUTUAL AUTOMOBILE INSURANCE COMPANY, INC., A Corporation.**

Superior Court of Pennsylvania.

Argued May 17, 1984.

Filed Oct. 5, 1984.

Reargument Denied Dec. 17, 1984.

Karl W. Wiedt, III, Pittsburgh, for appellant.

Timothy D. Appelbe, Pittsburgh, for appellee.

Before CAVANAUGH, POPOVICH and HESTER, JJ.

## OPINION

HESTER, Judge:

On January 27, 1982, appellant, David Bindernagel, filed a Complaint in Assumpsit against appellee, Nationwide Mutual Automobile Insurance Company, Inc., in the Court of Common Pleas of Allegheny County. Said suit was instituted to recover damages for injuries appellant allegedly sustained while operating his Suzuki trail bike on State Route 837 in Clairton, Pennsylvania.[1] Appellant collided with a motor vehicle operated by Mary Toth.

Appellee provided automobile insurance for Janet Ober and James Ober of Washington County, Pennsylvania. Mrs. Ober was appellant's mother, and he resided with her and Mr. Ober at the time of the accident, February 9, 1980. As a resident/relative of their household, appellant claims that he was insured under the no-fault automobile insurance policy issued by appellee.

Appellee filed preliminary objections in the nature of a demurrer to appellant's complaint. Appellee contended that

---

1. Appellant complained of a fractured right femur which resulted in amputation above the knee, renal failure, spleen injuries, pneumonia, multiple fractures of both arms, multiple lacerations and internal injuries. These injuries allegedly resulted in extensive hospitalization, medical treatment, lost wages and rehabilitative care.

the Pennsylvania No-Fault Motor Vehicle Insurance Act[2] does not provide benefits for those injured while operating motorcycles. Inasmuch as appellee equated "trail bikes" to "motorcycles", it declined payment of no-fault benefits. The lower court agreed, granting the demurrer and dismissing appellant's complaint by order dated April 29, 1982. This timely appeal followed.

"Basic loss benefits," as defined in the No-fault Act,[3] are payable to persons who incur loss pursuant to injuries resulting from the "maintenance or use of a motor vehicle." They are not payable for losses "sustained by an operator or passenger of a motorcycle." 40 P.S. § 1009.103.

The Pennsylvania "Vehicle Code" defines a motor vehicle as a "vehicle which is self-propelled except one which is propelled solely by human power or by electric power obtained from overhead trolley wires, but not operated upon rails." 75 Pa.C.S.A. § 102. A motorcycle is defined as a "motor vehicle having a seat or saddle for the use of the rider and designed to travel on not more than three wheels in contact with the ground." *Id.* Appellant argues that "trail bikes" are not "motorcycles." As a result, he maintains that injuries sustained by the operator of a trail bike do not belong to that category of losses incurred in the operation of a motorcycle for which basic loss benefits are denied. Instead, he contends that his injuries were sustained in the operation of a motor vehicle for which no-fault benefits are allowed.

We do not subscribe to appellant's contrived argument. Whether a trail bike constitutes a motorcycle is of no importance. We are not concerned with the possibility that a trail bike does not belong to a particular class of vehicles, the operation of which does not lead to injuries compensable under the No-fault Act. Injuries sustained in the operation of a motorcycle comprise a class specially set aside as

**2.** 40 P.S. § 1009.101 et seq.

**3.** "Basic loss benefits" include professional medical treatment and care, emergency health services, medical and vocational rehabilitation services, funeral expenses, work loss, replacement services loss, and survivors loss. 40 P.S. § 1009.202.

ineligible for benefits. It is not the sole class, however, for which benefits are denied. Injuries sustained in the operation of additional vehicles which do not generally qualify as "motor vehicles" are also not compensable under the Act. Therefore, the precise issue for adjudication is whether a trail bike is a "motor vehicle" under the No-fault Motor Vehicle Insurance Act.

This Court confronted this issue in *Siefert v. Nationwide Insurance*, 289 Pa.Super. 160, 432 A.2d 1101 (1981). Inasmuch as the No-fault Act defines a motor vehicle as a vehicle "required to be registered under the" Vehicle Code, 40 P.S. § 1009.103, the *Siefert* court first looked to registration requirements. The trail bike at issue was not among the specific exemptions to registration requirements; however, *Siefert* noted additional vehicles which were refused registration. In doing so, it found that the particular trail bike could not meet registration requirements;[4] therefore, it was not a "motor vehicle."

A similar issue confronted this Court with respect to dune buggies in *Bills v. Nationwide Mutual Insurance Company*, 317 Pa.Super. 188, 463 A.2d 1148 (1983). *Bills* considered factors in addition to those applied by *Siefert* in determining whether a particular dune buggy was a motor vehicle. The dune buggy at issue was not insured, inspected or licensed in Pennsylvania, and it was primarily operated on privately-owned fields with negligible contact with Commonwealth highways; hence, it was not a motor vehicle. The *Bills* court carefully noted that its holding was restricted to the particular dune buggy at issue. It did not decide "whether some other dune buggy, differently equipped or put to some other use, might fit within the ambit of the No-fault Act." *Id.*, 317 Pa.Superior Ct. at 195, 463 A.2d at 1152.

In determining first whether a snowmobile was a vehicle for purposes of basic loss benefits, this Court in *Gallo v.*

---

**4.** Every vehicle operated on Pennsylvania highways must be equipped with head lamps, rear lighting and audible warning device. The 1977 Honda trail bike in Siefert was not designed for operation on public highways because it was not equipped with these instruments.

*J.C. Penney Casualty Insurance Company,* 328 Pa.Super. 267, 476 A.2d 1322 (1984), considered whether the snowmobile was "a device, in, upon or by which persons or property may be transported upon a highway." *Id.,* 328 Pa.Superior Ct. at 273, 476 A.2d at 1325. Inasmuch as § 7722 of the "Vehicle Code" provided for the operation of snowmobiles on certain highways, the *Gallo* court concluded that snowmobiles constituted vehicles. Secondly, a snowmobile met the indicia of motor vehicles due to the fact that it was a self-propelled vehicle which was not exclusively operated on rails and was not powered by overhead wires. 75 Pa.C.S.A. § 102.

Although concluding that snowmobiles were motor vehicles under the "Vehicle Code", the *Gallo* court found that their maintenance and use did not necessarily warrant coverage under the No-fault Act. Coverage is provided for snowmobiles "only when the accident occurs on a public road, street or highway, which has been designated and posted as a snowmobile road by the government agency having jurisdiction, and when the vehicle is registered and has the equipment mandated by statute." [5] *Id.,* 328 Pa.Superior Ct. at 277, 476 A.2d at 1328.

In applying *Siefert, Bills,* and *Gallo* in pari materia, we must conclude that the trail bike as used here was not a motor vehicle. It is not necessary, as was done in *Bills* and *Gallo,* to decide further whether it was the *type* of motor vehicle for which coverage is provided under the No-fault Act. This trail bike did not satisfy the general motor vehicle registration requirement for being designed to operate on public highways. By definition, trail bikes are not registrable or operable on *any* Commonwealth highways. Therefore, the non-registrable status of this trail bike precludes its rise to motor vehicle status.

Accordingly, the order is affirmed.

5. With an insufficient record before it, the *Gallo* court was constrained to remand for an evidentiary hearing to determine the registration and equipment of the snowmobile along with the accident situs.