## Johnson v. Nationwide Insurance Company

*Keith R. McMillen,* for plaintiff.
*George A. Verlihay,* for defendant.

WALKO, J., October 12, 1984—This matter came before the court sitting without a jury on a stipulation of facts requesting a declaratory judgment as to whether no-fault coverage benefits would be applicable to this case. The factual matters agreed upon are as follows:

Alan Johnson was riding in a dune buggy driven by Edward Telesz on Legislative Route 666, a public road in Forrest County, Pa. The dune buggy struck a bank of earth and Alan was killed. His estate has filed the instant trespass suit to recover work loss and funeral benefits under 40 P.S. §1009.101 et seq. (hereinafter "No-fault Act.") In order to recover no-fault benefits, the victim's injury must rise from the maintenance or use of a motor vehicle. 40 P.S. §1009.103. To that end, plaintiff presently seeks a declaratory judgment that the dune buggy in which Alan rode was a "motor vehicle" as that term is embraced by the No-fault Act.

Defendant insurer concedes that certain dune buggies may be motor vehicles under the statutory definition but maintains that the Telesz buggy was not one of them. We agree.

As defined by our legislature, a motor vehicle is "a vehicle of a kind required to be registered" under the Vehicle Code. 75 P.S. §101 et seq. Any such vehicle would necessarily have to comply with 75 P.S. §1306(5) which prohibits registration of any vehicle not constructed or equipped as required by other specific sections of that title.

In Bills v. Nationwide Mutual Insurance Co., 317 Pa. Super 188, 463 A.2d 1148 (1983) our Superior Court held that an uninsured, unregistered dune buggy which lacked a substantial portion of minimum equipment required for registration is not a

vehicle of the kind required to be registered under the Vehicle Code for purposes of no-fault.

Plaintiff, by its answers to interrogatories, indicates that the Telesz dune buggy was not equipped with rear lights, turn signals, hazard warning lights, side markers, parking brake, windshield, horn or rear bumper. These items of equipment are mandated for registration under 75 P.S. §§4303 (b)(c)(d), 4502(a), 4524, 4534, 4535, 4536 respectively. It seems abundantly clear that Edward Telesz's dune buggy was not of a kind required to be registered.

Plaintiff urges us to read bills as permitting no-fault recovery where, as here, an unregisterable vehicle is operated as if it were a registered "street legal" vehicle, i.e. drive on public roads. This argument finds its support in the legislative finding that motor traffic on public roadways significantly touches intrastate concerns thus giving the Commonwealth an interest in providing for "maximum feasible restoration" of motor vehicle accident victims. 40 P.S. §1009.102(2)(3). Likewise supporting recovery is the oft-expressed judicial policy constraining Pennsylvania courts to err on the side of coverage in doubtful cases. Crawford v. Allstate Insurance Co., 305 Pa. Super 167, 451 A.2d 474 (1982); Dull v. Employers Mutual Casualty Co., 278 Pa. Super 569, 420 A.2d 688 (1980); Hefner v. Allstate Insurance Co., 265 Pa. Super 181, 401 A.2d 1160 (1979).

The court is not at odds with the social goals furthered by the no-fault's enactment. Nonetheless we remain unconvinced that coverage under the act can be created by operating an unregistered and unregisterable vehicle on public roads. Irrespective of public operation, the controlling issue is whether

the dune buggy is of a kind required to be registered under the Vehicle Code. Bills, supra. Having concluded that it was not, we are foreclosed from weighing the legal effect of public operation. The focus remains on compliance with relevant sections of the Vehicle Code.

## ORDER

And now, this October 12, 1984, after due consideration of plaintiff's motion for declaratory judgment and the arguments of counsel, it is hereby ordered and decreed that declaratory judgment is denied and that plaintiff is not entitled to recover work loss and funeral benefits under the No-fault Act.