502 A.2d 244

**Ronald A. PHILLIPS, a minor, by his parents and natural guardians, Charles G. PHILLIPS and Dianne Phillips, his wife, Appellant,**

v.

**NATIONWIDE INSURANCE COMPANY, Appellee.**

Superior Court of Pennsylvania.

Argued Aug. 6, 1985.

Filed Dec. 20, 1985.

352

William J. McCormick, Bentleyville, for appellant.

Timothy D. Appelbe, Pittsburgh, for appellee.

Before SPAETH, President Judge, and WICKERSHAM, BROSKY, ROWLEY, WIEAND, CIRILLO, OLSZEWSKI, BECK and TAMILIA, JJ.

WIEAND, Judge:

Ronald A. Phillips, a fifteen year old youth, sustained personal injuries when the Honda XR–80 trail bike which he had been driving collided with a truck on a public road in the Borough of Centerville, Washington County. An action to recover benefits under the Pennsylvania No-fault Motor Vehicle Insurance Act [1] was commenced against Nationwide Insurance Company, which had issued a policy of automobile insurance to Phillips' parents. [2] The trial court sustained preliminary objections in the nature of a demurrer

---

1. Act of July 19, 1974, P.L. 489, as amended, 40 P.S. §§ 1009.101 et seq. The statute was repealed by the Act of February 12, 1984, P.L. 26, § 8(a) (effective October 1, 1984).

2. The action was commenced on behalf of the minor by his parents and natural guardians, Charles G. and Dianne Phillips.

and dismissed the complaint. Phillips appealed. We reverse.

 In concluding that appellants had failed to state a cause of action, the trial court determined that the trail bike, which Phillips had been operating, was not a motor vehicle within the meaning of the No-fault Act. With this we agree. See: *Siefert v. Nationwide Insurance*, 289 Pa.Super. 160, 432 A.2d 1101 (1981). See also: *Bills v. Nationwide Mutual Insurance Co.*, 317 Pa.Super. 188, 463 A.2d 1148 (1983) (dune buggy). Having concluded that the trail bike was not a motor vehicle, the trial court reasoned that Phillips had not suffered injury "arising out of the maintenance or use of a motor vehicle."[3] With this we disagree. What the trial court overlooked was that Phillips' trail bike had been involved in a collision with a truck. The truck was a motor vehicle. Therefore, Phillips' injuries did arise from the use of a motor vehicle, i.e., the truck.

To the extent that a contrary result receives support from the decision of a panel of this court in *Bindernagel v. Nationwide Mutual Automobile Insurance Co.*, 335 Pa.Super. 419, 484 A.2d 773 (1984), that decision is overruled. We follow, rather, the decision of the court en banc filed of even date herewith in *Pistorius v. Travelers Insurance Co.*, 348 Pa.Super. 527, 502 A.2d 670 (1985).

In *Pistorius*, the operator of a trail bike died as a result of injuries received when his bike came into collision with a licensed motor vehicle. We held that his administratrix was entitled to recover no-fault benefits. The trail bike which the decedent had been riding was a recreational vehicle, not subject to licensing under the Motor Vehicle Code. Therefore, it was not a motor vehicle. In turn, it could not be a motorcycle. Because the rider had been injured in a collision involving his recreational vehicle and a licensed motor vehicle, the applicable insurance carrier was liable for no-

---

**3.** This language appears in Section 103 of the No-fault Act, 40 P.S. § 1009.103.

fault benefits. The decision in *Pistorius* is controlling of the instant appeal.

Reversed and remanded. Jurisdiction is not retained.

CIRILLO, J., files a dissenting opinion in which OLSZEW-SKI and TAMILIA, JJ., join.

CIRILLO, Judge, dissenting:

For the reasons set forth in my dissent in *Pistorius v. Travelers Insurance Co.*, 348 Pa.Super. 527, 502 A.2d 670 (1985), filed even date herewith, I respectfully disagree that the injury arose out of the "maintenance or use of a motor vehicle." I would affirm the order of the trial court.

OLSZEWSKI and TAMILIA, JJ., join this dissenting opinion.