509 A.2d 1296

**COMMONWEALTH of Pennsylvania**

v.

**James ELIASON, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 26, 1985.

Filed May 27, 1986.

Stephen L. Shields, Bethlehem, for appellant.

John F. Spirk, Assistant District Attorney, Easton, for Commonwealth, appellee.

Before BROSKY, JOHNSON and HESTER, JJ.

PER CURIAM:

On December 3, 1984, appellant was adjudged guilty of driving under suspension, 75 Pa.C.S. § 1543(b), and driving an unregistered vehicle, 75 Pa.C.S. § 1301, as a result of operating a three-wheeled vehicle on a public highway for

approximately ten seconds. Immediately following trial, appellant was sentenced to ninety days incarceration and a $1,000 fine. Post-verdict motions were filed, argued, and denied on May 6, 1985. From that order, appellant filed this appeal.

■ In appeals from criminal convictions, the notice of appeal must be filed within thirty days of sentence. *See Commonwealth v. Martin*, 346 Pa.Super. 129, 499 A.2d 344 (1985); Pa.R.A.P. 903(a).[1] Since appellant was sentenced on December 3, 1984, he should have filed a notice of appeal within thirty days of that date. Instead, appellant filed his post-verdict motions within thirty days of December 3, 1984. These motions were, in fact, timely filed, and were considered and disposed of by the lower court. Nevertheless, his notice of appeal filed June 6, 1985, is untimely since it was beyond the thirty-day time period which began running on December 4, 1984.

■ We cannot, however, quash this appeal as untimely for the following reasons. The lower court improperly pronounced verdict and sentence simultaneously. *Commonwealth v. Martin, supra; Commonwealth v. Ivey*, 307 Pa.Super. 274, 453 A.2d 349 (1982). Furthermore, the lower court failed to inform appellant of his appellate rights, although he was apprised of his right to file post-verdict motions. Our rules of appellate procedure require the trial judge to advise a defendant on the record at the time of sentencing of his right to file an appeal and the time within which he must exercise that right. *See* Pa.R.Crim.P. 1405. In light of these procedural errors, we cannot deny appellant his right to appellate review.[2]

1. That rule provides that "the notice of appeal ... shall be filed within 30 days after the entry of the order from which the appeal is taken."

2. In *Commonwealth v. Picker*, 293 Pa.Super. 381, 384, 439 A.2d 162, 163 (1981), we suggested that the proper procedure for litigants to follow in this situation would be to file a motion to vacate the improperly imposed judgment of sentence in order to allow for the filing of post-verdict motions.

■ Appellant raises three issues on appeal.[3] First, he contends that his conviction for driving an unregistered motor vehicle cannot stand inasmuch as a three-wheeler is incapable of being registered. Second, he argues that the court erred in convicting him of driving under suspension when a three-wheeler is not a motor vehicle within the meaning of 75 Pa.C.S. § 1543(b). Finally, appellant asserts that the infraction with which he was charged was de minimis, so it does not warrant a conviction. Having closely reviewed appellant's arguments, we conclude that they lack merit; we therefore affirm.

■ The offense of driving an unregistered vehicle prohibits

> any person to drive or for an owner knowingly to permit to be driven upon any highway any vehicle of a type required to be registered under this chapter which is not registered....

75 Pa.C.S. § 1301(a). "Motor Vehicle" is defined as a "vehicle which is self-propelled except one which is propelled solely by human power or by electric power obtained from overhead trolley wires, but not operated upon rails." 75 Pa.C.S. § 102. Appellant argues that his three-wheeler cannot be registered because it lacks appropriate equipment needed to comply with the registration laws of this Commonwealth. Consequently, he asserts that he should not be convicted of driving an unregistered vehicle since the vehicle cannot be registered. However, to adopt appellant's logic would be to permit any type of unregistered vehicle on the public roadway merely because it lacks appropriate equipment. Such a result is ludicrous and renders superflu-

---

3. Appellant also challenges the constitutionality of the mandatory sentence provided for a conviction of 75 Pa.C.S. § 1543(a), driving while operating privilege is suspended or revoked. Although appellant did not raise this argument prior to his statement of matters complained of on appeal, a challenge to the legality of a sentence can never be waived. *Commonwealth v. Cooke,* 342 Pa.Super. 58, 492 A.2d 63 (1985). This issue was recently addressed by this court in *Commonwealth v. Hoover,* 343 Pa.Super. 372, 494 A.2d 1131 (1985). Therein, we upheld the constitutionality of this provision. Therefore, this issue presents no grounds for relief.

ous those provisions of the Vehicle Code which detail the equipment necessary for a vehicle to be properly registered and operable on public highways.[4]

◼ Appellant argues in the alternative that his three-wheeler does not qualify as a vehicle within the meaning of the Code, and therefore, the registration requirements do not apply. In support of this argument, appellant cites *Siefert v. Nationwide Insurance Co.*, 289 Pa.Super. 160, 432 A.2d 1101 (1981). In that case, we held that a trail bike was not a motor vehicle. However, that characterization involved an interpretation of motor vehicles for purposes of the No-fault Act. Nowhere did the court hold that a dirt bike was not a motor vehicle for purposes of the Vehicle Code. As the lower court correctly noted, the purposes of the No-fault Act and the Vehicle Code are decidedly different. The No-fault Act is concerned with providing prompt and adequate basic loss benefits to motor vehicle victims and the survivors of deceased victims. *See Bills v. Nationwide Mutual Insurance Co.*, 317 Pa.Super. 188, 463 A.2d 1148 (1983). The purpose of the Vehicle Code is to insure public safety upon the streets and highways of the Commonwealth. Thus, we find that the three-wheeler, in that it is a self-propelled vehicle, falls within the definition of "motor vehicle" and should have complied with the registration provisions of the Code or it should not have been driven upon a public street. The conviction for driving an unregistered vehicle was, therefore, proper insofar as appellant's first argument is concerned.

◼ The above discussion also addresses appellant's second issue that a three-wheeler does not constitute a motor vehicle for purposes of driving under suspension. Clearly, if the three-wheeler falls within the definition of motor vehicle for one section of the Code, it qualifies under any other provision as well. Appellant concededly was operating the vehicle with a suspended license, and cannot point to error on the part of the lower court for so holding.

4. See 75 Pa.C.S. §§ 4303(b), 4535(a), to name but a few.

Finally, appellant's third argument must be rejected. Section 312 of the Crimes Code provides:

The court shall dismiss a prosecution if, having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, it finds that the conduct of the defendant:

(1) was within a customary license or tolerance, neither expressly negatived by the person whose interest was infringed nor inconsistent with the purpose of the law defining the offense;

(2) did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction; or

(3) presents such other extenuations that it cannot reasonably be regarded as envisaged by the General Assembly or other authority in forbidding the offense.

18 Pa.C.S. § 312. Appellant argues that the facts of this case do not warrant the stigma of a criminal conviction, and that the trial judge abused his discretion in failing to dismiss the charges.

In *Commonwealth v. Houck*, 233 Pa.Super. 512, 335 A.2d 389 (1975), the accused was charged with harassment by communication for calling an acquaintance of many years "lower than dirt" and "morally rotten." We upheld the decision of the trial judge who invoked § 312 and dismissed the charges as a "trifling matter." That case also upheld the constitutionality of § 312 by finding that there were adequate standards and guidelines for the trial judge to follow in his application of that statute.

Herein, we cannot agree that the trial judge abused his discretion. Appellant, whose license had been suspended for driving under the influence, was seen operating a three-wheeler in a residential district of Northampton County. The entire neighborhood was some distance from the main highway. He drove the three-wheeler from his home, which was the last house in the development, approximately one block on 12th street and turned right into the Bethlehem

Township playground.  According to the Chief of Police of Bethlehem Township, appellant was traveling the public street for approximately eight seconds.

■  The use of these vehicles on public highways was recently discussed by this court in *Commonwealth v. Predmore*, 347 Pa.Super. 195, 500 A.2d 474 (1985).  Appellant was similarly operating an unregistered three wheel all terrain vehicle on a public highway while his operating privilege was suspended.  In upholding his conviction for driving while under suspension, we stated:

> Use of the highways is a privilege.  Appellant's license was originally suspended for abuse of that privilege.  It would frustrate the public safety purpose of the operator licensing laws to allow appellant to operate a vehicle on the highway merely because his use of the vehicle off the highway would not require the Commonwealth's consent.

*Id.*, 347 Pa.Superior Ct. at 199, 500 A.2d at 475–476.  We affirmed appellant's conviction in that instance, and are compelled to reach the same conclusion herein.  Notwithstanding the brevity of the offense committed against the Commonwealth, this was the type of conduct which the legislature sought to prevent.  Just as we upheld a shoplifting prosecution for $1.59 in *Commonwealth v. Campbell*, 273 Pa.Super. 407, 417 A.2d 712 (1980), so must we uphold appellant's momentary infraction of the law.  The seriousness of an offense cannot always be determined by the quantity or quality of the injury to the Commonwealth.  Appellant's contention that his offense was de minimis must be rejected.

Judgment of sentence affirmed.

BROSKY, J., files his dissenting opinion.

BROSKY, Judge, dissenting:

I must respectfully dissent.  I would find that under 18 Pa.C.S. § 312, appellant's conduct amounted to no more

than a de minimis infraction and I would, accordingly, reverse the judgment of sentence and discharge appellant.

In this case, the majority holds that appellant's eight seconds on a public street warrants the condemnation and stigma of a criminal conviction. In so holding, the majority reasons that since this Court upheld a shoplifting prosecution for $1.59 in *Commonwealth v. Campbell*, 273 Pa.Super. 407, 417 A.2d 712 (1980),[1] we must uphold appellant's conviction. However, to compare different offenses and different circumstances to determine whether an infraction is de minimis is, to use a cliche, to compare apples to oranges. The application of § 312 must inherently turn on the offense involved in and the circumstances of each particular case. Other cases are of little value in resolving a § 312 question. The fact that this Court held that § 312 did not apply to a shoplifting prosecution for $1.59 presents no greater reason for affirming appellant's conviction than the fact that we held that § 312 applied to a harassment prosecution for calling an acquaintance "morally rotten"[2] presents for reversing appellant's conviction. Thus, a question of whether an infraction is de minimis must be essentially resolved by reference to the provisions of § 312 and the circumstances surrounding the infraction.

In the instant case, I would find that § 312(a)(2) applies to appellant's conduct. This section provides the following:

> (a) General rule.—The court shall dismiss a prosecution if, having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, it finds that the conduct of the defendant:

>> (2) did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense

---

1. I note that in *Campbell* the entire discussion of the de minimis issue consisted of the following: "Additionally appellant contends that she should be discharged because her violation of section 3929 [retail theft] was de minimis. We find no merit to this contention."

2. See *Commonwealth v. Houck*, 233 Pa.Super. 512, 335 A.2d 389 (1975).

> *or did so only to an extent too trivial to warrant the*
> *condemnation of conviction;*

(emphasis added).

While I have no quarrel with the majority's conclusion that, under *Commonwealth v. Predmore,* 347 Pa.Super. 195, 500 A.2d 474 (1985),[3] appellant's conduct was of the type the legislature has sought to prevent in order to protect the public safety, an inquiry under § 312(a)(2) cannot end with this conclusion. The question that remains to be answered is whether appellant threatened the public safety "only to an extent too trivial to warrant the condemnation of conviction." I am firmly convinced that the eight seconds appellant spent on a public highway was indeed too trivial a threat to the public safety to warrant the stigma of a criminal conviction. If appellant's conduct did not constitute a de minimis infraction, I would be hard-pressed to conceive of conduct that would be encompassed by § 312.

Certainly, in recent years our criminal justice system has been criticized for failing to convict those whose conduct deserves such condemnation. However, the prosecution of those whose actions do not warrant conviction leaves the system open to more, not less, of such criticism. Appellant's actions do not warrant the condemnation of conviction, and, accordingly, I dissent.

**3.** I note that in *Predmore,* the issue of whether the defendant's conduct constituted a de minimis infraction was neither raised nor discussed.