## Commonwealth v. Barto

*Ted McKnight, district attorney,* for the commonwealth.

*Frederick D. Lingle,* for defendant.

BROWN, *J.*, June 17, 1987—These proceedings arise from five citations filed on June 10, 1986, by Chief Mincer of the Pine Creek Township Police Department. On that date Chief Mincer observed defendant operating an ATV on a public highway, and upon Mincer's attempting to apprehend him defendant apparently fled the scene and drove his ATV into a wooded area from which he fled on foot.

Upon filing the citations a summary hearing was had by the district justice. Following that hearing the district justice found defendant guilty of violating section 3301 (Driving on Right Side of Roadway), section 1301 (Vehicle Must be Registered) and section 7725 (Operation by Persons Under the Age of 16). The remaining two citations under section 1501 (Driver Required to be Licensed) and section 3733(a) (Fleeing or Attempting to Elude Police) were dismissed by the district justice.

Although not a court of record, the district justice filed a written memorandum of his decision and reasons for that decision. The pertinent portion of the district justice's memorandum for purposes of the present case is:

"The court could find guilt beyond a reasonable doubt on the five citations filed against defendant, however, the fines would amount to $565 plus loss of license for at least six months.

"The court concludes this would be cruel and unusual punishment for such a de minimis violation, thus the dismissal of section 1501 (Driver Required to be Licensed) and section 3733 (Fleeing or attempting to Elude).

"The court imposes the statutory sentence of $135.00 + $17.50 costs making a total of $152.50 for the three citations defendant was found guilty of."

Chief Mincer being dissatisfied with the district justice's dismissal of the two citations in question through the district attorney's office has filed the present petition seeking leave to appeal from the district justice's determination or in the alternative to remand the matter to the district justice for a determination of guilt and sentencing consistent with his opinion as previously quoted. It is contended in the appeal petition that the district justice erroneously permitted the punishment to be imposed for the violations of sections 1501 and 3733 to interfere with his determination of guilt.

Defendant resists the commonwealth's petition contending that to allow the commonwealth to appeal from the district justice's determination would constitute a violation of his double jeopardy rights.

The principal de minimis non curat lex has been embodied by the Pennsylvania Legislature as follows:

"Section 312. De Minimis Infractions

"(a) General Rule — The court shall dismiss a prosecution if having regard to the nature of conduct charged to constitute an offense and the nature of the attendant circumstances, it finds that the conduct of the defendant: (1) was within a customary license or tolerance, neither expressly negatived by the person whose interest was infringed nor inconsistent with the purpose of the law defining the offense; (2) did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction; or (3) presents such other extenuations that it cannot reasonably be regarded as envisaged by the General Assembly or other authority in forbidding the offense.

"(b) Written statement. — The court shall not dismiss a prosecution under this section without filing a written statement of its reasons, except that if the attorney for the commonwealth is the moving party for such dismissal no such written statement need be filed." 18 Pa.C.S. §312.

As the district justice court is not a court of record, this court must assume that the district justice analyzed defendant's conduct and the attendant circumstances and found that the conduct fit one of the general rules stated above. The district justice's statement of reasons for dismissal seems to fit subsection (2); that is that defendant's conduct may have caused or threatened the harm or evil sought to be prevented by the law, but did so to an extent too trivial to warrant the condemnation of conviction.

In *Commonwealth vs. Eliason*, 353 Pa. Super. 321, 509 A.2d 1296 (1986), the Superior Court upheld a conviction for driving under suspension, 75 Pa.C.S. §1543(b) and driving an unregistered vehicle 75 Pa.C.S. §1301, as a result of defendant's operation of a three-wheeler on a public highway for approximately 10 seconds. On appeal, defendant argued that the trial judge had abused his discretion in failing to dismiss the charges as de minimis infractions. The Superior Court found no abuse of discretion by the trial judge, "notwithstanding the brevity of the offense committed against the commonwealth, this was the type of conduct which the Legislature sought to prevent." *Eliason* at 327.

While defendant's conduct in this case may be of the type which the Legislature sought to prevent, under section 312 the court may also consider whether that conduct caused harm "only to an extent too trivial to warrant the condemnation of conviction." Thus the application of section 312 of the

Crimes Code will vary with the facts of each individual case. As a district justice court is not a court of record, this court must assume that the district justice analyzed defendant's conduct and the attendant circumstances and found that the conduct fit one of the general rules stated in section 312. A review of the district justice's statement of reasons for a dismissal clearly indicates his belief that defendant had violated sections 1501 and 3733 of the Vehicle Code beyond a reasonable doubt. Thus his dismissal of those charges comports with section 312(2) of the Crimes Code, that defendant may have caused the evil sought to be prevented by the law, but only to an extent too trivial to warrant the condemnation of conviction and punishment. Based on the facts revealed by the district justice's statement of reasons, this court cannot say that the district justice abused his discretion in dismissing the prosecution.

## ORDER

And now, June 17, 1987 it is hereby ordered that the commonwealth's motion for vacation of sentence or summary appeal be dismissed and the requested relief of allowing the commonwealth to appeal in a summary trial or the alternative relief of vacation of sentence and remand to the district justice be denied.