568 A.2d 253

Patricia RILEY, as Parent and Natural Guardian of Todd Ri-
ley, a Minor, and Patricia Riley in her Own
Right, Appellants,

v.

TRAVELERS INSURANCE COMPANY and William
Shields, Appellees.

Superior Court of Pennsylvania.

Argued Dec. 6, 1989.

Filed Jan. 10, 1990.

John Enright, Philadelphia, for appellants.

Jeffrey P. Hoyle, Philadelphia, for appellee.

Before McEWEN, OLSZEWSKI and TAMILIA, JJ.

OLSZEWSKI, Judge:

Patricia Riley (hereinafter, "appellant") appeals the order of the trial court granting summary judgment to Travelers Insurance Company, the assignee of a claim under the Pennsylvania Assigned Claims Plan, 75 Pa.C.S.A. § 1751, *et seq.* This case arises from a traffic accident between an automobile and a bicycle equipped with a motor. The trial court granted Travelers' motion for summary judgment because the vehicle on which Todd Riley was riding is ineligible for benefits under the Assigned Claims Plan. On appeal, appellant asserts that the vehicle was not a "motorized pedalcycle" as described by the Plan because the motor was not engaged at the time of the accident and because the vehicle is not "required to be registered." We agree with trial court's characterization of the vehicle; accordingly, we affirm.

Upon a motion for summary judgment, the court must accept all well-pleaded facts, resolving all factual disputes in favor of the non-moving party and giving her the benefit of all reasonable inferences. *Mattia v. Employers Mut. Co.*, 294 Pa.Super. 577, 440 A.2d 616 (1982). Accordingly, we state the facts as alleged by appellant.

On September 18, 1986, Todd Riley was a passenger on a bicycle equipped with a motor. The motor was not engaged at the time in question; the vehicle was being powered by pedals only. The vehicle entered the intersection of Lindley

Street and 13th Street and was struck by a car. Appellant applied to the Assigned Claims Plan for benefits. Appellee Travelers Insurance Company was assigned to service the claim.

Travelers moved for summary judgment, noting that occupants of motor-driven cycles and motorized pedalcycles are ineligible for benefits under the Assigned Claims Plan. The trial court agreed that the vehicle was a motorized pedalcycle and granted Travelers' motion. The only issue on appeal is the characterization of the vehicle in question.

The Assigned Claims Plan provides that, "A person is eligible to recover benefits from the Assigned Claims Plan if the person ... is not the operator or occupant of a ... motor-driven cycle or motorized pedalcycle or other like type vehicle required to be registered under this title and involved in the accident." 75 Pa.C.S.A. § 1752(a)(7). Appellant claims that § 1752(a)(7) does not apply to her son because the motor on the vehicle was not in operation at the time of the accident.

Appellant's argument misses the point. Ineligibility for benefits under this section is determined by the type of vehicle, not the means by which it is propelled at the time of the accident. If the vehicle is a motor-driven cycle or motorized pedalcycle, then the owner or occupant is ineligible for benefits. Appellant admits that the vehicle in question is a bicycle with a motor attached. This clearly falls within the category of vehicles excluded under § 1752(a)(7).

Appellant further argues that she is not ineligible for benefits because the vehicle in question is not "required to be registered." In support of this argument, she cites *Siefert v. Nationwide Ins. Co.*, 289 Pa.Super. 160, 432 A.2d 1101 (1980), and *Bindernagel v. Nationwide Mutual Auto. Ins. Co.*, 335 Pa.Super. 419, 484 A.2d 773 (1984)[1]. These cases noted that trail bikes lack certain equipment neces-

---

1. *Bindernagel* was partially overruled on grounds not relevant to this appeal. *Phillips v. Nationwide Ins. Co.*, 348 Pa.Super. 351, 502 A.2d 244 (1985).

sary for registration of vehicles; therefore, the court held that these vehicles are not "required to be registered" and are not motor vehicles for the purposes of the No-Fault Act. Appellant points out that the vehicle in this case lacked similar equipment; therefore, it is not required to be registered and does not fall into this ineligible category.

*Siefert* and its progeny are inapposite to this case. Those cases relate only to characterization as a "motor vehicle" under the No-Fault Act. Under the No-Fault Act, benefits were available only if the injury arose from the maintenance or use of a motor vehicle, and motor vehicles were defined in terms of registrability. The line of cases cited by appellant excludes from No-Fault coverage those vehicles which "are not registrable or operable on any Commonwealth highways." *Bindernagel,* 335 Pa.Super. at 423, 484 A.2d at 775.

The situation in the present case is quite different. Motorized pedalcycles, unlike trail bikes, are required to be registered under the Vehicle Code. *Compare Pistorius v. Travelers' Ins. Co.,* 348 Pa.Super. 527, 502 A.2d 670 (1985) *with Myers v. State Farm Mut. Auto Ins. Co.,* 348 Pa.Super. 539, 502 A.2d 676 (1985). This Court distinguished dirt bikes, designed for off-road recreational use, from motorcycles and mopeds, designed for use on public roads, and found that motorized pedalcycles are required to be registered. *Myers,* 348 Pa.Super. at 542–44, 502 A.2d at 678. The vehicle in the present case was being used on a public road at the time of the accident.

Furthermore, the rationale of *Siefert* and *Bindernagel* does not apply to the Assigned Claims Plan. The legislature has chosen to exclude certain vehicles from coverage under the Assigned Claims Plan, presumably because those vehicles are more dangerous than other vehicles. *Cf. Samsel v. Travelers Indemnity Company,* 295 Pa.Super. 188, 441 A.2d 412 (1982). Appellant would have us find that her son is eligible to recover benefits because the vehicle on which he rode lacked certain required equipment, undoubtedly making the vehicle less safe. We cannot approve such

an incongruous result. Instead, we find that under § 1752(a)(7), the term "required to be registered" refers to all vehicles not exempted from registration under 75 Pa.C. S.A. § 1302. Lack of required equipment does not exempt a vehicle from registration requirements. *See Commonwealth v. Eliason*, 353 Pa.Super. 321, 509 A.2d 1296 (1986).[2]

The vehicle in the present case is a motorized pedalcycle. It is not powered *solely* by human or animal power, 75 Pa.C.S.A. § 1302(7), because it has a motor attached. Motorized pedalcycles are motor vehicles which are required to be registered under the Vehicle Code. *Myers v. State Farm Mut. Auto Ins. Co.*, 348 Pa.Super. 539, 542–44, 502 A.2d 676, 678 (1985). It is required to be registered. Therefore, appellant is ineligible for benefits under the Assigned Claims Plan.

Order affirmed.

---

**2.** In *Eliason,* appellant was adjudged guilty of driving an unregistered vehicle for driving an all-terrain vehicle on a public highway. Eliason argued that his vehicle was not required to be registered, citing *Siefert v. Nationwide Ins. Co.,* 289 Pa.Super. 160, 432 A.2d 1101 (1980). This Court rejected his argument, finding that the lack of appropriate equipment does not exempt a vehicle from registration requirements. *Eliason,* 353 Pa.Super. at 324–27, 509 A.2d at 1298–1299.