## PennDOT v. Morris

*William A. Kuhar Jr., deputy counsel-in-charge,* for PennDOT.

*R. Charles Thomas,* for defendant.

THOMAS, *S.J.,* June 7, 1991—This matter comes before the court on the appeal of defendant to the suspension of defendant's operating privileges by the Department of Transportation, Bureau of Motor Vehicles.

## FACTS

The factual information contained herein is derived from the court's notes as the transcript of the hearing has not been ordered by either party.

On July 13, 1990, defendant appellant was operating a three-wheel all-terrain vehicle on his neighbors' properties near Canadohta Lake. Defendant testified that when he came to the end of one particular trail they had been traveling on, he stopped at a dirt road, Arrow Drive. He testified that he directly crossed the road and waited (with the motor turned off) for a friend, who was also on an ATV and was at some distance behind him.

At that time, a state patrol car operated by Trooper Peter Schaefer turned around the corner of

206

Danner Drive and collided with defendant's ATV, which was parked at the side of the road on Arrow Drive. The impact flipped the ATV over.

The trooper found the ATV to be unregistered. Testimony revealed that defendant *would have* had to drive approximately one-quarter of a mile north on Arrow Drive to pick up the trail on the side of Arrow Drive opposite the fields they had just driven upon.

The trooper issued a citation to defendant for operating an unregistered vehicle upon a public highway in violation of 75 P.S. §7721(a). The trooper failed to ask defendant for proof of insurance. Corporal Charles Amond testified he went to defendant's home the following day to get proof of insurance. Defendant advised the trooper that the ATV was not insured and he was unaware that insurance was required on an ATV.

Defendant was later informed by the Department of Transportation, Bureau of Motor Vehicles on September 24, 1990, that his operating license was to be suspended for a period of three months, effective midnight, October 29, 1990, for failure to produce proof of financial responsibility under 75 P.S. §1786(a). Defendant then filed this appeal of that notice.

## DISCUSSION

Title 75 P.S. §1786(a) provides that vehicles must be covered by financial responsibility:

"Every *motor vehicle* of the type required to be registered under this title (Title 75) which is operated or currently registered shall be covered by financial responsibility."

Violation of subsection (a) above may lead to a three-month suspension of one's operating privileges. 75 P.S. §1786(d).

Inquiry leads us to whether an ATV is a "motor vehicle" under section 1786 and, if so, is an ATV the type of vehicle which must be registered under the Vehicle Code and be insured pursuant to the Financial Responsibility Law.

Title 75 P.S. §102 provides that a motor vehicle is "a *vehicle* which is self-propelled solely by human power or by electric power attained from overhead trolley wires, but not operated upon rails." "Vehicle" is defined in section 102 as "every device in, upon or by which any person or property is or *may be* transported or drawn upon a highway, except devices used exclusively upon rails or tracks."

There seems to be little question that based on the above statutes, an ATV is a "motor vehicle."

The general rule is that an ATV must be registered:

"Except as otherwise provided in this chapter (75 P.S. §§7701-7753), it is unlawful to operate a snowmobile or an ATV unless a certificate of registration has been issued therefore and unless there is displayed thereon the permanent or temporary registration number and a valid decal." 75 P.S. §7713.

However, there is an exemption to the requirement of registration of an ATV "owned and operated on lands owned by the owner or operator of the . . . ATV or on lands to which he has a contracted right to be on . . ." 75 P.S. §7714(c).

Subchapter C (75 P.S. §7721-7729), regarding the operation of a snowmobile or an ATV, forbids the operation of such vehicles upon a public highway, *unless authorized by statute, regardless of whether the vehicle is registered or not.* See *Commonwealth v. Eliason,* 353 Pa. Super. 321, 509 A.2d 1296 (1986), where the conviction was upheld for driving an unregistered ATV on a public highway.

The Vehicle Code permits an ATV to be operated upon a public highway only for the limited purpose

of crossing the highway so long as all of the requirements are met.* Although section 7721 is silent as to whether a vehicle must be registered or not to be lawfully operated under sub-parts (b) and (c), we believe the legislative intent of section 7721 would not require registration of an otherwise exempt vehicle from the requirements to be registered for the brief period of traversing a public road in which the operator would then utilize the vehicle again in a manner that is exempt.

The central issue then is whether an uninsured, unregistered ATV normally operated in a manner pursuant to 75 P.S. §7714(c) would fall outside of the registration exemption when it is operated in a manner pursuant to 75 P.S. §7721(c) to traverse a public road, thus requiring it to be insured under section 1786(a).

Defendant only testified that to get to the next trail he would have to go one-quarter of a mile up the road; he did not testify that he in fact did travel along the length of the road, nor did the officer testify that he ever witnessed the vehicle to go in the direction of the road. The motor was shut off and the ATV was merely standing on the side of the roadway. The fair weight of evidence indicates there was no violation of section 7721(c) and, accordingly, defendant was not required to register the vehicle.

----

* "(c) *Crossing street or highway*—A snowmobile or an ATV may make a direct crossing of a street or highway upon compliance with the following requirements:

"(1) The crossing is made at an angle of approximately 90 degrees to the direction of the highway . . .

"(2) The . . . ATV is brought to a complete stop before crossing the shoulder or main-traveled way of the highway.

"(3) The driver yields the right-of-way to all oncoming traffic . . .

"(4) In crossing a *divided* highway, the crossing is made only at an intersection . . ." 75 P.S. §7721.

Since only registered vehicles or those so required to be registered must be insured, section 1786(a) would not be applicable to this situation. Accordingly, a suspension pursuant to section 1786(d) is not an appropriate suspension under the facts of this case.