## Winkelman v. Pennsylvania Financial Responsibility Assigned Claims Plan

*Barry S. Yaches,* for plaintiff.
*Thomas P. Kelly,* for defendant.

GAFNI, *J.,* November 18, 1991—In this case, plaintiff Michael Winkelman seeks uninsured motor-

ist benefits from the Pennsylvania Financial Responsibility Assigned·Claims Plan. Defendant maintains that Winkelman is ineligible to receive such benefits under section 1752(a) of Motor Vehicle Responsibility Law. For the following reasons, this court finds for defendant.

Section 1752(a) provides that a person is ineligible for benefits if he is an owner of a motor vehicle required to be registered under Chapter 13 of the Motor Vehicle Code, 75 Pa.C.S. section 1752(a)(3). Winkelman claims that the applicable provisions of Chapter 13 is section 1301, which states:

"No person shall drive or move and no owner shall knowingly permit to be driven or moved upon any highway any vehicle which is not registered in this Commonwealth. . . ."

He claims that he is not an owner of a vehicle required to be registered under section 1301, because the car he owns is a "junker," which was not legally operable, and which he never drove, and that, accordingly, he is not disqualified from receiving benefits under section 1752(a).

The Superior Court has decided, however, that the phrase "required to be registered," as it appears in subsection section 1752(A)(7), refers to any vehicle not exempted from registration under 75 Pa.C.S. section 1302. *Riley v. Travelers Insurance Co.* 390 Pa. Super. 179, 568 A.2d 253 (1990). This section exempts such vehicles as farm implements, golf carts and wheelchairs, but does not exempt an automobile simply because its owner does not plan to drive it. This court will apply the same definition to the phrase "required to be registered" in section 1752(a)(3), since a court should not, without good reason, interpret the same language used in two sections of a subchapter in an unlike manner. *See*

*Commonwealth v. Saul,* 346 Pa. Super. 155, 161, 499 A.2d 358, 360 (1985).

In *Blair v. Travelers Insurance Co.,* 21 Phila. Rep. 289 (1990), the court held that the owner of an automobile, for which the registration had expired, was barred from recovery under the plan by section 1752 because the vehicle was one that was required to be registered, even though it was inoperable. The court stated that to create an "inoperability" exception would be to create grounds for litigation on that issue alone in every case as well as to provide a limitless opportunity for fraud. *Id.* at 292.

*Kresge v. Keystone Insurance Co.,* 389 Pa. Super. 548, 567 A.2d 739 (1989), cited by Winkelman to prove that registration is the decisive criterion under section 1752, does not conflict with *Blair v. Travelers.* In that case, the court found that a plaintiff was covered by the insurance requirement of section 1714 where she alleged that she had already taken her car to the junkyard at the time of the accident, although it was still registered in her name. The court held that to create an exception where a vehicle was inoperable, or no longer in the claimant's possession, would "foreseeably all but eliminate the intended benefits of the statute" by forcing the court to litigate such ambiguous issues as "what *degree* of inoperability or *degree* of dispossession would be required to bring a case within the suggested exception?" *Id.* at 551-52, 567 A.2d at 740-41. (emphasis in original)

Because Winkelman was the owner of an automobile, a vehicle required to be registered under Chapter 13 of the Motor Vehicle Act, this court finds that he is not eligible to recover uninsured benefits from the Pennsylvania Financial Responsibility Assigned Claims Plan. The fact that he may never have driven

the automobile or intended to drive it, is irrelevant. Accordingly, judgment will be entered for defendant.