667 A.2d 748

William SCHOFFSTALL·and Judy L. Schoffstall, Appellants,

v.

## PRUDENTIAL PROPERTY & CASUALTY INSURANCE COMPANY, Appellee.

Superior Court of Pennsylvania.

Argued Sept. 19, 1995.

Filed Nov. 15, 1995.

559

Richard A. Sadlock, Harrisburg, for appellants.

James F. Carl, Harrisburg, for appellee.

Before POPOVICH, SAYLOR and BROSKY, JJ.

POPOVICH, Judge:

This case involves an appeal from the order [1] of the Court of Common Pleas of Dauphin County granting the motion for summary judgment of the defendant Prudential Property & Casualty Insurance Co. by the plaintiffs William Schoffstall and Judy L. Schoffstall. We affirm.

In this jurisdiction, summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving part is entitled to a judgment as a matter of law. Pa.R.Civ.P. 1035(b).

The facts of this case are not in dispute: On July 4, 1992, the plaintiffs attended the Port Royal Speedway in Juniata County. As spectators, the plaintiffs observed an accident involving several vehicles in the race. As a result of the multi-vehicle collision, debris from the wreckage traveled from the race track into the stands and injured the plaintiffs. Thereafter, the plaintiffs filed a claim with their automobile insurance carrier, the defendant. When Prudential refused to honor the plaintiffs' claim for first-party benefits under the policy, the plaintiffs instituted suit, and, later, cross motions for summary judgment were filed. The court ruled in favor of the defendant on the basis that the Schoffstalls were "spectators" at a privately owned raceway and not "pedestrians" at the time of the accident, the latter of which allowed for recovery under the policy of insurance issued by the defendant.

■ The initial issue we address is conceded by all to be one of first impression: Does Pennsylvania's Motor Vehicle Financial Responsibility Law (MVFRL) [2] render a claimant ineligible for benefits if injured while at an event of unregis-

1. The Order was reduced to judgment on November 21, 1994.
2. 75 Pa.C.S.A. § 1301 et seq. (Supp.1995–96).

tered, uninsured motor vehicles neither intended nor maintained for use on our highways?

The MVFRL gives us some insight into a resolution of the issue posed in that throughout the statute there is repeated reference to motor vehicles having to be "registered". Specifically, Section 1711 requires insurance carriers doing business in this jurisdiction to provide minimum medical coverage for "any motor vehicle of the type required to be registered under th[e MVFRL], except recreational vehicles not intended for highway use...." 75 Pa.C.S.A. § 1711. Also, first-party benefits are to be offered by insurers "with respect to injury arising out of the maintenance or use of a motor vehicle * * * required to be registered under th[e MVFRL], except recreational vehicles not intended for highway use...." *Id.* at § 1712. Additionally, the MVFRL lists as ineligible claimants those who are injured while occupying or operating "a recreational vehicle not intended for highway use." *Id.* at § 1714.

It is the appellants' position that because the injury-inflicting-motorized unit falls within the definition of "motor vehicle" under the Motor Vehicle Code, i.e., it is self-propelled,[3] our inquiry is at an end in deciding whether a "racecar" comes within the ambit of the MVFRL and coverage has been established. We think not.

As this Court did in *Bills v. Nationwide Mutual Insurance Co.*, 317 Pa.Super. 188, 463 A.2d 1148 (1983), in concluding that a "dune buggy" was not a "motor vehicle" under the now repealed No-Fault Act, we likewise render our decision without judicial blinders but with eyes open to a common sense interpretation of the statute, and any applicable case law, in deciding whether a vehicle operated during the course of a race on private property and injuring "spectators" is a "motor vehicle" for purposes of recovery under the MVFRL.

Applying this rationale, we note initially that the Pennsylvania Code defines a motor vehicle as "[a] vehicle of a kind required to be registered under 75 Pa.C.S. § 1301–1377 (relating to registration of vehicles)." 31 Pa.Code § 66.1. The

---

**3.** See 75 Pa.C.S.A. § 102 (Supp.1995–96).

MVFRL specifically excludes from the list of vehicles required to be registered, and for which insurance need to be issued, "recreational vehicles not intended for highway use." 75 Pa.C.S.A. §§ 1711, 1712 (Supp.1995–96). Our General Assembly enacted the now repealed No–Fault Act and the present MVFRL to regulate the maintenance and use of a motor vehicle over this Commonwealth's highways. See, e.g., *Metzel v. State Farm Mutual Insurance Co.*, 389 Pa.Super. 30, 566 A.2d 600 (1989) (Motor home parked with engine shut off was not "a vehicle" within the No–Fault Act); *Bills,* supra ("Dune buggy" operated on private property and not registered was not a "motor vehicle" allowing for personal injury recovery under the No–Fault Act); cf. *Petties v. Petties,* 210 N.J.Super. 14, 509 A.2d 190 (1986) (Family members killed by carbon monoxide while asleep above garage were not "pedestrians" under New Jersey's Automobile Reparation Reform Act covering injuries sustained while occupying, entering into, alighting from or using automobile).

 The fact that the "racecar" causing the appellants' injuries *could have been* driven on a highway and the fact that it was self-propelled to fit within the definition of "motor vehicle" contained in the Motor Vehicle Code are not dispositive. We look to the fact that *at the time of the accident the vehicle was being operated exclusively off a public highway without insurance or registration* [4] *as a recreational vehicle.* See *Bills,* supra. Further, from a common sense perspective, we cannot lose sight of the context in which the appellants sustained injury from flying debris while "spectators" in the stands [5] at a Fourth of July celebration in a location open to

4. In the plaintiffs' Reply to New Matter to Paragraph 22, the defendant's assertion that the vehicle in question was uninsured and unregistered were not denied specifically. Rather, the appellants only refuted that the MVFRL "does not require the vehicle to be insured, registered, or used on the public highways to be a motor vehicle." Thus, in the absence of a specific denial, this Court may consider admitted the defendant's claim that the racecar was unregistered, uninsured and designed exclusively for off the road use. See Pa.R.Civ.P. 1029(a), (b).

5. The appellants' location and non-ambulatory position would negate labelling either one a "pedestrian" as that term is defined under the Motor Vehicle Code. See 75 Pa.C.S.A. § 102 (Supp.1995–96), which

the public and for which entertainment in the form of a car race was part of the festivities.

To find liability under the policy issued by defendant would require a distortion of even the liberal rules of interpretation to be given the MVFRL in favor of coverage. *Lambert v. McClure,* 407 Pa.Super. 257, 595 A.2d 629 (1991).

 Statutes must be construed to avoid absurd and ludicrous results. If adherence to the strict letter of a statute would lead to such a result, a court may resort to extrinsic aids to interpret the statute. See *Metzel,* supra; *Bills,* supra; *Olmstead v. Miller,* 383 N.W.2d 817, 820 (N.D.1986). We have done so here in examining the MVFRL (in contrast to the No–Fault Act) and caselaw against a backdrop of the objectives sought to be achieved by the General Assembly in enacting the MVFRL. None of the above, we believe, gives substance or credence to the plaintiffs' argument seeking entitlement to coverage for injuries incurred while a "spectator" at a race with uninsured, unregistered vehicles unintended for use on the public highways.

 Finding no merit to the appellants' arguments,[6] we affirm the order granting the defendant's motion for summary judgment.

Order affirmed.

provides "pedestrian" is "[a] natural person afoot." Similarly, those courts which have had occasion to address entitlement to compensation for injuries where the applicability of a claimant as a "pedestrian" was raised, the term has been defined as involving an ambulatory or stationary claimant juxtaposed to a highway or street over which motor vehicles traverse. See, e.g., *Olmstead v. Miller,* 383 N.W.2d 817, 820 (N.D.1986) (Occupants of parked mobile home not pedestrians for insurance purposes); *Braswell v. Burrus,* 13 Md.App. 513, 284 A.2d 41, 43 (1971) ("... a pedestrian is a person on foot, as distinguished from one in or on a vehicle on or near a public highway or other place where motor vehicle laws apply). Such a definition, of necessity, excludes the appellants from being listed as "pedestrians" entitled to insurance coverage here. See Lower Court Opinion, 11/14/94, at 4.

**6.** The appellants also raise an equitable estoppel/waiver argument with the defendant's initial payment of their claim for benefits and then cessation upon subsequent review. We find this contention to be specious.

The appellants have not produced any support for the proposition that an insurer is foreclosed from reassessing the validity of a claim once payments have begun. The present action is not one where the insurer previously managed the defense of a liability claim to final verdict or settlement. See, e.g., *Draft Systems, Inc. v. Alspach*, 756 F.2d 293 (3rd Cir.1985). This case was still active at the time the insurer re-examined the merits of the claim and concluded that payment should cease. We find that such action did not impair the insurer's right to terminate payments after counselled review.