616 A.2d 1019

**COMMONWEALTH of Pennsylvania**

v.

**Robert C. GUTHRIE, Appellant.**

Superior Court of Pennsylvania.

Argued Aug. 27, 1992.

Filed Oct. 29, 1992.

Reargument Denied Dec. 22, 1992.

William A. Ehrlich, Asst. Public Defender, Wyomissing, for appellant.

Susan L. Fields, Asst. Dist. Atty., Westchester, for Com., appellee.

Before BECK, JOHNSON and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from the judgment of sentence for driving while operating privileges are suspended (DUI related).[1] Appellant, Robert C. Guthrie, presents the following claims:

I. Did the trial court err in not dismissing this action pursuant to the de minimis infractions provision of the Pennsylvania Crimes Code, 18 Pa.C.S.[A.] § 312?

II. Did the Commonwealth fail to prove beyond a reasonable doubt that the defendant knew he was in Pennsylvania at the time of the alleged offense?

III. Did the trial court err in finding the defendant guilty of the offense charged given the Commonwealth's failure to prove beyond a reasonable doubt that the defendant knew he was in Pennsylvania at the time of the alleged offense?

1.  75 Pa.C.S.A. § 1543(b).

Appellant's Brief at 3. For the reasons set forth below, we affirm.

On November 22, 1989, appellant was arrested in Pennsylvania for driving under the influence of alcohol (DUI). Appellant was convicted for DUI on May 18, 1990 and his driving privileges in Pennsylvania were suspended for one-year, effective October 15, 1990.[2] On January 12, 1991, appellant was driving in Pennsylvania and was cited for violating 75 Pa. C.S.A. § 1543(b), operating a motor vehicle while driving privileges are suspended (DUI related).[3]

Subsequently, on May 1, 1991, the district justice found appellant guilty of violating 75 Pa.C.S.A. § 1543(b) and sentenced him to ninety-days imprisonment and a fine of one thousand dollars. Notice of Appeal was timely filed and a trial *de novo* was held on August 29, 1991, during which appellant was found guilty and sentenced to 90–days imprisonment and a fine of one thousand dollars. Post-trial motions were filed and denied. This timely appeal followed.

## I.

■ Appellant first contends that the trial court erred in failing to dismiss this action pursuant to the de minimis infractions provision of the Pennsylvania Crimes Code. 18 Pa.C.S.A. § 312(a)(2). Specifically, he argues that as his conduct at issue "caus[ed] or threaten[ed] the harm or evil sought to be prevented by the law ... only to an extent too trivial to warrant the condemnation of conviction[,]" *id.*, the court should have dismissed his prosecution as required by 18 Pa.C.S.A. § 312(a)(2). This claim is without merit.

"Section 1543(b) was enacted in coordination with the new Drunk Driving Law as part of the legislature's broad response to the serious problem of intoxicated drivers. The economic losses, social disruptions and personal tragedies resulting from drunk driving are well documented and the subject of increas-

2. This suspension did not affect appellant's license to drive in Maryland.

3. Appellant contends that he had been driving in Maryland and mistakenly crossed state lines into Pennsylvania.

ing public awareness." *Commonwealth v. Hoover*, 343 Pa.Super. 372, 376, 494 A.2d 1131, 1133 (1985); *see Commonwealth v. Mikulan*, 504 Pa. 244, 470 A.2d 1339 (1983). The legislature's intent, in enacting 75 Pa.C.S.A. § 1543(b), was to strictly enforce DUI suspensions, in direct response to a severe threat to public safety. Regardless of how close to state lines appellant was or whether appellant's act of driving into Pennsylvania was unintentional,[4] this court will not undermine our state's policy against drunk driving by declaring appellant's acts "de minimis". *See Commonwealth v. Eliason*, 353 Pa.Super. 321, 327, 509 A.2d 1296, 1299 (1986) ("Notwithstanding the brevity of the offense committed against the Commonwealth, this was the type of conduct which the legislature sought to prevent."), *allocatur denied*, 517 Pa. 592, 535 A.2d 81 (1987). Accordingly, the trial court did not abuse its discretion in failing to apply 18 Pa.C.S.A. § 312(a)(2) to the instant offense.

## II.

Appellant next contends that the Commonwealth failed to prove that appellant knew he was in Pennsylvania at the time of the offense. However, because of our disposition of appellant's third claim, this claim need not be addressed.

## III.

Appellant's third claim is that as he did not know that he was in Pennsylvania at the time of the commission of the offense, the trial court erred in finding appellant in violation of 75 Pa.C.S.A. § 1543(b). We disagree.

75 Pa.C.S.A. § 1543(b) provides:

Any person who drives a motor vehicle on any highway or trafficway in this Commonwealth at a time when their operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for violation of section 3731 (relating to driving under influence of

---

**4.** Appellant bases his claim that his act was only "de minimis" upon his assertion that he inadvertently strayed only 1.1 miles over the Pennsylvania–Maryland border into Pennsylvania.

alcohol or controlled substance) . . . shall, upon conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $1,000 and to undergo imprisonment for a period of not less than 90 days.

*Id.*

We first note that there is no language in this statute necessitating any kind of mens rea. Accordingly, whether 75 Pa.C.S.A. § 1543(b) requires that appellant know he was in Pennsylvania at the time of the offense is an issue of statutory construction. "Courts which are faced with the statutory interpretation problem of whether a particular crime may be committed without any sort of bad intent sometimes utilize the distinction by stating that the crime is *malum in se* [5] and so needs a bad intent, or is *malum prohibitum* [6] and so does not." W. LaFave, A. Scott, Jr., *Handbook on Criminal Law*, at 30–31 (1972) (footnote omitted).

Pennsylvania courts are among those which have adopted this method of statutory construction. *See Commonwealth v. Borek*, 161 Pa.Super. 200, 203–204, 54 A.2d 101, 103 (1947) (When acts are *malum in se*, then knowledge is required for one to be convicted. However, where an act is made criminal by statute which might otherwise have been committed without culpability, knowledge is not necessary.); *Commonwealth v. Jackson*, 146 Pa.Super. 328, 331, 22 A.2d 299, 301 (1941) (" 'Whether a criminal intent, or a guilty knowledge, is a necessary ingredient of a statutory offense [ . . . ] is a matter of construction [ . . . ]' to be determined 'from the language of the statute and in view of the manifest purpose and design of the same[. . . .]' " (citing *Commonwealth v. Weiss*, 139 Pa. 247, 251, 21 A. 10, 10 (1891))) (*aff'd*, 345 Pa. 456, 28 A.2d 894 (1942)).

---

**5.** The term *malum in se* refers to crimes that are wrongs in themselves, or inherently evil; e.g., battery, larceny, malicious injury to property, driving while intoxicated, etc. W. LaFave, A. Scott, Handbook on Criminal Law, at 29 (1972) (footnotes omitted).

**6.** The term *malum prohibitum* refers to crimes that are not inherently evil, or that are wrong only because prohibited by legislation; e.g., driving over the speed limit, driving under the influence of intoxicants, sale of intoxicating liquors, etc. W. LaFave, A. Scott, *supra* note 5, at 29–30 (footnotes omitted).

The offense in the instant case is clearly *malum prohibitum.* 75 Pa.C.S.A. § 1543(b) is designed to deter driving while intoxicated and, as such, is both a legitimate and indispensable regulatory statute. However, in this statute's absence, appellant's act in the instant case would not be morally reprehensible.[7] Accordingly, we find that knowledge that one is in Pennsylvania at the time of the offense is not required to convict an individual under 75 Pa.C.S.A. § 1543(b).

This finding is also supported by the Pennsylvania Crimes Code. While 18 Pa.C.S.A. § 302(a) mandates that all criminal acts require mens rea,[8] there is an exception for crimes such as the one at issue. "The requirements of culpability prescribed by ... section 302 of this title ... do not apply to: (1) summary offenses, unless the requirement involved is included in the definition of the offense or the court determines that its application is consistent with effective enforcement of the law defining the offense." 18 Pa.C.S.A. § 305(a)(1). The offense at issue in the present case fulfills the requirements of 18 Pa.C.S.A. § 305(a)(1).

For the purposes of 18 Pa.C.S.A. § 305(a)(1), it is clear that 75 Pa.C.S.A. § 1543(b) is a summary offense. "An offense defined by this title constitutes a summary offense if ... it is so designated in this title, or in a statute other than this title." 18 Pa.C.S.A. § 106(c)(1). 75 Pa.C.S.A. § 1543(b) provides that "[a]ny person ... shall, upon conviction, be guilty of a summary offense...." Furthermore, we do not find that the application of the statute without this particular knowledge requirement is inconsistent with effective enforcement of the statute.[9]

7. The act of driving while one's operating privileges are suspended does not, in itself, cause any harm. Hence, one could not readily say that a violation of 75 Pa.C.S.A. § 1543(b) is inherently evil.

8. "Except as provided in section 305 of this title ..., a person is not guilty of an offense unless he acted intentionally, *knowingly,* recklessly or negligently, as the law may require, with respect to each material element of the offense." 18 Pa.C.S.A. § 302(a).

9. 75 Pa.C.S.A. § 1543(b) is *malum prohibitum* and, therefore, does not demand mens rea.

In his brief, appellant argues that since this court has read a requirement of actual notice of suspension into the offense of driving while operating privileges are suspended or revoked, *see Commonwealth v. Horney,* 365 Pa.Super. 152, 529 A.2d 18 (1987), we must further require that appellant have knowledge of his presence in Pennsylvania at the time of his commission of the offense. We disagree. While it is true that this court requires notice of suspension, we have never required more. The policy behind the requirement of knowledge of suspension of operating privileges [10] simply does not support a finding that appellant must know that he is in Pennsylvania to be charged under 75 Pa.C.S.A. § 1543(b). Once an individual is on notice that his driving privileges in Pennsylvania are suspended, it is his obligation to avoid driving in this state. This court will not allow appellant's "mistake" of driving across state lines to excuse his violation of 75 Pa.C.S.A. § 1543(b). Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

10. Specifically, our interest was to warn individuals not to drive in Pennsylvania during the suspension.