COMMONWEALTH of Pennsylvania, Appellee,

v.

**Brian H. HOFFMAN, Appellant.**

Superior Court of Pennsylvania.

Submitted May 21, 1998.
Filed July 2, 1998.

Maureen T. Beirne, Athens, for appellant.

Barbara A. Darkes, Harrisburg, for Com., appellee.

Before CAVANAUGH, POPOVICH and BROSKY, JJ.

POPOVICH, Judge:

This is an appeal from the judgment of sentence imposed by the Court of Common Pleas of Bradford County following appellant's conviction on the charge of violating 75

Pa.C.S.A. § 4941(a) of the Vehicle Code, Maximum Gross Weight of Vehicles. Herein, appellant raises one question for our consideration: Whether the trial court erred in ruling that the facts of record do not constitute a *de minimis* infraction pursuant to 18 Pa.C.S.A. § 312(a) which would warrant a dismissal. Appellant's Brief, p. 3. Upon review, we reverse.

The facts of this case, as relied upon by the trial court, are those contained in two sets of stipulations which follow:

1. The Office of Chief Counsel has been authorized by the District Attorney's Office to represent the Commonwealth in overweight truck prosecutions.

2. On Saturday, April 12, 1997, James McKean, Department of Transportation employee, Truck Weight Enforcement Officer, certified as a Commonwealth employee pursuant to Section 4704(f) of the Vehicle Code, had probable cause to stop a Mack truck, registration PM6031, New York, which was being operated by Brian Hoffman on S.R. 1072.

3. James McKean was certified in the weighing and measuring of vehicles by the state police and has completed course and been certified by the Department of Agriculture, Bureau of Standard Weights.

4. Officer McKean observed Mr. Hoffman driving the said Mack vehicle on New York Route 17 approximately one mile, but the vehicle was not stopped or cited for traveling on New York Route 17 as per Department of Transportation policy.

5. There is a state border sign visible on New York State Route 17 that states State border, east and westbound. There is no welcome to Pennsylvania sign on State Route 17. (Exhibit A).

6. Mr. Hoffman was operating the vehicle in question westbound and Mr. McKean observed that Mr. Hoffman turned onto S.R. 1072 where he traveled approximately one-tenth of a mile in the State of Pennsylvania to

the Leprino Plant which is a milk receiver.

7. Mr. McKean was on patrol stopping all commercial vehicles at the time on S.R. 1072 and his attention was drawn to this vehicle due to the size of the tank which appeared, if full, to exceed the maximum weight under the law of 80,000 pounds.

8. Mr. McKean, in full uniform, stopped the vehicle and weighed said vehicle, a combination which weighed 91,300 with scales that were certified ten days prior. The defendant has no objection to the procedure, a 3% tolerance was allowed and the weight of the vehicle applying the 3% tolerance allowed by law was 88,561.

9. Mr. McKean related his observations to Officer Mitchell, who was in full uniform, of the South Waverly Police Department who issued citation No. A0420272–6 to Mr. Hoffman on the scene for a violation of Section 4941(a) of the Vehicle Code.

10. The fine was calculated at $1,950, plus costs.

11. Mr. McKean also observed that the vehicle did not have a special permit to haul milk in the State of Pennsylvania overweight which could have been obtained for the fee of $400.

12. Mr. McKean at the scene, requested a permit good in the State of New York to haul milk overweight but not in the State of Pennsylvania, but Mr. Hoffman did not produce such at the time of the arrest. The defendant now has proof that such permit for New York was issued, but no proof that a permit was issued in Pennsylvania.

13. Mr. Hoffman was employed by Alnye Trucking of Aurora Street, Moravia, New York, which is a New York State milk hauler, and the owner of the motor vehicle.

14. The Leprino Plant which receives milk is the only point in Pennsylvania

that defendant traveled to or had plans to travel to. He had been travelling on New York Route 17 from upper New York State.

15. Exhibit 2 is a photograph of New York Route 17, looking west which would show the Waverly/Sayre exit sign just prior to the state border sign.

16. Exhibit No. 3 is an official transportation map of Pennsylvania which shows the border between New York State and Pennsylvania where New York Route 17 dips ever so slightly into Pennsylvania.

17. Exhibit No. 4 is a New York State map which shows New York Route 17 as passing just along the border of Pennsylvania and New York State. Neither map is detailed enough to show State Route 1072.

18. Exhibit No. 5 is stipulated by the parties to be a Bradford County map published by the Pennsylvania Department of Transportation depicting the area of the stop on S.R. 1072.

19. The Leprino Plant is situated one-half in New York State and one-half in the Commonwealth of Pennsylvania.

20. The Waverly Borough Police have jurisdiction over that portion of N.Y. State Route 17 that is situated in South Waverly Borough and Pennsylvania Department of Transportation has jurisdiction over the approximate one mile of N.Y. State Route 17 that dips ever so slightly into the Commonwealth of Pennsylvania.

21. New York State is responsible for maintenance of N.Y. 17 including the portion in the Commonwealth of Pennsylvania.

Stipulations of Counsel, 8/27/97 and 9/8/27.

We now turn to appellant's claim that his violation of 75 Pa.C.S.A. § 4941(a)[1] of the Vehicle Code should be dismissed as a *de*

---

1. 75 Pa.C.S.A. § 4941(a) provides: "No vehicle shall, when operated upon a highway, have a gross weight exceeding 73,280 pounds, and no combination driven upon a highway shall have a gross weight exceeding 80,000 pounds, or the applicable weight set forth in subsection (b) or (c), whichever is less."

*minimis* infraction pursuant to 18 Pa.C.S.A. § 312(a), which provides:

(a) General Rule—The Court shall dismiss a prosecution if, having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, it finds that the conduct of the defendant:

(1) was within a customary license or tolerance, neither expressly negatived by the person whose interest was infringed nor inconsistent with the purpose of the law defining the offense;

(2) did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction; or

(3) present such other extenuations that it cannot reasonably be regarded as envisaged by the General Assembly or other authority in forbidding the offense.

The Commonwealth is correct in pointing out that this section was enacted to remove petty infractions from the category of criminal conduct. *Scurfield Coal, Inc. v. Commonwealth*, 136 Pa.Cmwlth. 1, 582 A.2d 694, 698 (1990). Also, this section applies to circumstances where no harm occurred to a victim or society. *Scurfield, supra*; *Commonwealth v. Moses*, 350 Pa.Super. 231, 504 A.2d 330, 332 (1986).

In the present case, the purpose of the overweight provision of the Vehicle Code is to protect Pennsylvania highways from damage and to insure the safety of those traveling upon those highways. *Commonwealth v. Tirpak*, 271 Pa.Super. 357, 413 A.2d 705 (1979); *Commonwealth v. Smith*, 409 Pa. 521, 187 A.2d 267 (1963). Herein, the lower court reasoned that the overweight provisions of the Vehicle Code prevent the operation of vehicles which may be unsafe because they are too heavy for some of the Commonwealth's roads and, thereby, protect the public's safety. Accordingly, the court found that appellant's violation was not *de minimis*. Trial Court Opinion, p. 4. Upon review, we must respectfully disagree.

It can hardly be said that appellant caused actual harm to Pennsylvania's roads or endangered any of its citizens when he drove his overweight truck one-tenth of a mile upon state route 1072. Rather, we find that appellant's violation of 75 Pa.C.S.A. § 4941 was too trivial to warrant the condemnation of conviction. 18 Pa.C.S.A. § 312(a)(2). Further, we opine that the General Assembly did not envisage this statute applying to a driver who had to exit a New York state highway and travel **north** through Pennsylvania for 528 feet to get to a plant located half in Pennsylvania and half in New York, a most anomalous situation. 18 Pa.C.S.A. § 312(a)(3).

The Commonwealth, like the lower court, submits that the purpose behind the statute violated in the case *sub judice*, 75 Pa.C.S.A. § 4941(a), is the same as that behind the statutes violated in *Commonwealth v. Guthrie*, 420 Pa.Super. 372, 616 A.2d 1019 (1992), *appeal denied*, 534 Pa. 646, 627 A.2d 178 (1993), and *Commonwealth v. Eliason*, 353 Pa.Super. 321, 509 A.2d 1296 (1986), *appeal denied*, 517 Pa. 592, 535 A.2d 81 (1987): public safety. However, the Commonwealth's reliance upon both *Guthrie* and *Eliason* is misplaced. These two cases are distinguishable from the case *sub judice* based upon one important fact. Both of the offenders in *Guthrie* and *Eliason* had suspended driver's licenses. These offenders were not and could not be licensed to operate a vehicle on Pennsylvania roads because they were deemed unsafe drivers. Appellant, on the other hand, was licensed to operate a vehicle on Pennsylvania roads. In enacting statutes which prohibit unlicensed drivers from operating vehicles on Pennsylvania roads, the General Assembly furthers the state's interest of ensuring that safe drivers occupy her roads and highways. Even though the appellants in *Guthrie* and *Eliason* did not cause any actual harm, they did threaten the exact type of harm which the General Assembly sought to alleviate.

Moreover, the Commonwealth fails to recognize that, contrary to the statutes violated in *Guthrie* and *Eliason*, the General Assembly has allowed for exceptions to the weight limit imposed by 75 Pa.C.S.A. § 4941 of the Vehicle Code. The Vehicle Code expressly allows for the issuance of a permit to milk haulers if the gross weight does not exceed

95,000 pounds. 75 Pa.C.S.A. § 4968(a)(3.1). Because the General Assembly has allowed for a higher weight vehicle than is proscribed by 75 Pa.C.S.A. § 4941, the higher weight vehicle cannot be *per se* unsafe. Presently, appellant's milk truck was well within Pennsylvania's weight restrictions, albeit appellant did not have the necessary permit. Nevertheless, the evidence at trial revealed that appellant could have obtained a permit to haul milk overweight in Pennsylvania for $400.00, and there was no evidence that appellant's vehicle was unsafe in any manner. Thus, appellant's actions would have been entirely legal had he procured the proper Pennsylvania permit.

We are convinced that allowing appellant to drive his 88,561 pound truck one-tenth of a mile on Pennsylvania state route 1072 "presents such other extenuations that it cannot reasonably be regarded as envisaged by the General Assembly" in enacting 75 Pa.C.S.A. § 4941, and appellant's violation should be dismissed as *de minimis*. *See* 18 Pa.C.S.A. § 312(a)(3). Clearly, the circumstances of this case are unusual, if not unique. Pursuant to the policy of our Department of Transportation, appellant was permitted to travel approximately one mile on New York Route 17, which is actually located in Pennsylvania, without the need for a Pennsylvania permit to haul milk overweight. Thus, it was only after exiting from New York Route 17, that appellant violated 75 Pa.C.S.A. § 4941. If appellant's vehicle was safe to travel without a special Pennsylvania permit for approximately one mile in Pennsylvania while on New York Route 17, we fail to see how travelling north 528 feet on a Pennsylvania state road to a milk plant located one-half in Pennsylvania and one-half in New York transmogrified appellant's truck into an unsafe vehicle endangering the public and causing significant harm to our roadways. Moreover, we are confident that appellant's violation of the weight restriction in question was too trivial to warrant a conviction.[2]

In sum, we find that appellant's conviction upon violation of 75 Pa.C.S.A. § 4941(a) should be dismissed as *de minimis* pursuant to 18 Pa.C.S.A. § 312. Accordingly, we reverse judgment of sentence. We emphasize that our decision today is warranted by, and limited to, the unusual, if not unique, circumstances of this case, where appellant had to travel north through Pennsylvania for one-tenth of a mile on a Pennsylvania state road, after exiting a New York state highway which is actually located in Pennsylvania, to arrive at his destination which was located partially in both Pennsylvania and New York.

Judgement of sentence reversed.

CAVANAUGH, J., files a Dissenting Opinion.

CAVANAUGH, Judge, dissenting.

I respectfully dissent since I would agree with the reasoning of Judge Smith in his opinion and order below in this case and his opinion in *Commonwealth v. S.P. Covello, Jr.*, Common Pleas, Bradford County, No. 96SA000282 (1997) which is adopted in this case.

I further dissent since I would conclude that the finding of a *de minimis* infraction is a matter for trial court determination, and is not appropriate for appellate adjudication.

---

**2.** The record does not indicate whether appellant has traveled on state route 1072 or any other Pennsylvania roads or highways in violation of 75 Pa.C.S.A. § 4941(a) other than on this one occurrence. We note that the actual harm or threat of harm might be deemed less trivial if the facts indicated continuous or repetitive violation of 75 Pa.C.S.A. § 4941(a).