J-S73040-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SCOTT ALLEN STOUFFER, | : | |
| | : | |
| Appellant | : | No. 878 MDA 2017 |

Appeal from the Judgment of Sentence May 17, 2017
in the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-SA-0000098-2016

BEFORE:  OLSON, DUBOW, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED JANUARY 04, 2018**

Scott Allen Stouffer (Appellant) appeals from the judgment of sentence entered May 17, 2017, after he was found guilty of driving while operating privilege is suspended or revoked. We affirm.

The trial court summarized the pertinent factual and procedural history as follows.

> This matter involves the *de novo* appeal from the decision of the Magistrate District Court.  [Appellant] was charged with [d]riving while operating privilege is suspended or revoked.  Trial was held before Magistrate Judge John W. Ditzler, after which [Appellant] was found guilty. [Appellant] was sentenced to a minimum of [45] days and a maximum of [90] days in Lebanon County Correctional Facility and fines, costs[,] and restitution. On November 3, 2016, [Appellant] appealed to th[e trial c]ourt and a hearing was therefore scheduled.  After several continuances, the matter came before th[e trial c]ourt on May 17, 2017.

> At trial, the Commonwealth first called Lebanon County Probation Officer Susan Wright ("Officer Wright") to testify. Officer Wright testified that on July 12, 2016, she and fellow

* Retired Senior Judge assigned to the Superior Court

probation officer, Randy Stewart ("Officer Stewart"), were performing a home visit at 19 Park Drive in Grantville, Pennsylvania. As the officers were exiting their vehicle in [the] driveway, Officer Wright testified that she witnessed [Appellant] exit the house on the adjacent property, 21 Park Drive, enter into a large white pick-up truck in the driveway, back the truck out of the driveway and drive down the road for about 200 to 300 feet until the vehicle cleared her vision. Officer Wright testified that she was familiar with [Appellant] and knew that he had a suspended license due to a DUI. About twenty minutes later, Officers Wright and Stewart arrived at [Appellant's] place of business, which is about five minutes away, and observed [Appellant's] truck at his place of employment. Upon cross-examination, Officer Wright noted that the truck was visible on the roadway for several seconds.

The Commonwealth then called Officer Stewart to testify. Officer Stewart also testified that he and Officer Wright were performing a home visit on an individual that he was supervising at 19 Park Drive and that, while exiting their vehicle, he observed [Appellant] enter into the driver's side section of a white Ford F-250 pickup truck parked at 21 Park Drive, put the truck in reverse and drive east on Park Drive. Officer Stewart testified that he saw [Appellant] drive the truck for about 40 yards down the roadway until it was no longer visible. Upon cross-examination, Officer Stewart stated that the event from [Appellant] pulling out of the driveway until the truck was out of sight lasted about one minute.

The defense called Treigh Mason, a friend and employee of [Appellant], as a witness. Mr. Mason testified that he had been with [Appellant] at 21 Park Drive on July 12, 2016. Mr. Mason then testified that [Appellant] then drove the pickup truck with Mr. Mason as a passenger, down the side of the road to [Appellant's] nearby farm. Mr. Mason then noted that once they arrived at the farm, another employee then drove the truck to [Appellant's] place of business. On cross examination, the District Attorney referred to Mr. Mason's sworn testimony in the earlier district court proceeding in which he testified that [Appellant] was driving on the road. Mr. Mason then testified on redirect that [Appellant] was only driving on Park Drive for about 20 yards.

At the conclusion of the hearing, th[e trial c]ourt found [Appellant] guilty of the charge set forth and sentenced [Appellant] to [90] days incarceration and fines.

Trial Court Opinion, 7/31/2017, at 1-3 (footnotes and citations omitted)

This timely-filed appeal followed, wherein Appellant presents the following issues for our review, which we have reordered for ease of disposition.[1]

1. Did the Commonwealth fail to establish that Appellant had actual notice that his license was suspended?

2. Did the trial court violate the due process rights of Appellant when it began to announce the verdict of the court before hearing any argument on behalf of Appellant and then failed to allow adequate opportunity to be heard before it summarily dismissed the same?

3. Did the trial court err in determining that the instant offense was not *de minimis* as defined in the crimes code?

Appellant's Brief at 6 (suggested answers and unnecessary capitalization omitted).  We address these issues sequentially.

First, we find Appellant's claim that the Commonwealth failed to establish that Appellant had actual notice of his license suspension, waived for failure to preserve properly this issue in his 1925(b) statement.  **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").  **See also Commonwealth v. Poncala**, 915 A.2d 97, 100 (Pa. Super. 2006) ("[A]s a general rule, the failure to raise an issue in an ordered Rule 1925(b) statement results in the waiver of that issue on appeal.").

---

[1] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Next, we address Appellant's claim that the trial court violated his due process rights when it: (1) began to announce its verdict prior to closing arguments, and (2) disallowed defense counsel to finish his closing remarks. Appellant's Brief at 14-16.

"[F]undamental procedural due process in our system of jurisprudence embodies the bedrock principle that each participant in the adjudicative process be given adequate notice and the opportunity to be heard." **Commonwealth v. Parks**, 768 A.2d 1168, 1172 (Pa. Super. 2001). "A due process inquiry, in its most general form, entails an assessment as to whether the challenged proceeding or conduct offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental and that define[s] the community's sense of fair play and decency." **Commonwealth v. Wright**, 961 A.2d 119, 132 (Pa. 2008) (citations and internal quotation marks omitted).

Here, Appellant argues that

[f]irst, [] the [t]rial [c]ourt had no intention of listening to any argument Appellant's counsel was prepared to make, as evidenced by the announcement of the verdict without even providing for the opportunity to make oral argument. Second, that once Appellant's counsel began to outline Appellant's *de minim[i]s* argument, he was again vociferously interrupted without so much as an opportunity to flesh out said argument for the record. And third, that by [its] very nature in handling the conclusion of the case in this manner, the [t]rial [c]ourt absolutely prejudiced Appellant.

Appellant's Brief at 15-16 (citing **Commonwealth v. Thompson,** 281 A.2d 856 (Pa. 1971) (finding that Thompson's trial "failed to satisfy the

fundamental requisites of due process" when, after the Commonwealth presented three witnesses, the defense called Thompson to the stand who began to testify; his testimony was interrupted by the trial court, who summarily found him guilty of the charged crime)).

The pertinent part of the transcript in this case reveals the following.

[Trial Court]: Thank you, you may step down. Any other witnesses?

[Defense Counsel]: No, Your Honor. The defense rests.

[Trial Court]: This action number, after hearing and consideration of all testimony adduced –

[Defense Counsel]: I'm sorry.

[Trial Court]: Go ahead.

[Defense Counsel]: Do I have a chance to make a[n] argument?

[Trial Court]: Oh, you want to make an argument? Go ahead. I want to hear this one.

[Defense Counsel]: Sure, absolutely. Judge, I know perhaps judging by the sound of your voice, you may be skeptical to hear --

[Trial court]: Skeptical? Your own witnesses testified he drove on a roadway.

[Defense Counsel]: Right, for a matter of a few seconds.

[Trial Court]: It doesn't matter.

[Defense Counsel]: The argument that I have today, Judge, is that section 312 of the crimes code provides for a *de minimis* offense.

[Trial Court]: That is not a *de minimis* offense. I'll tell you what a *de minimis* offense is. Perhaps if you were driving down the driveway and the wheel might have just touched the road. 20

yards. Your own witnesses said 20 yards. That is not even close to *de minimis*. That is your own witness, and [] I believe the other witnesses that it was a 140 feet, perhaps 200 feet. Either way, if your argument to me is *de minimis* under 312, I don't accept that argument at all.

[Defense Counsel]: Understood, Your Honor.

[Trial Court]: Your own witnesses, two of your own witnesses said he drove 20 yards at 60 feet [*sic*]. The other witness, that is your witness, said he was on the roadway, which is violation. It doesn't say in the act so many feet, less than so many feet, whatever. It says driving and it's a roadway. This isn't even in the nature of a *de minimis* infraction. All right, anything further?

[The Commonwealth]: The only thing the Commonwealth would add is …

N.T., 5/17/2017, at 38-40.

The trial court rejected Appellant's claim that his due process rights were violated, setting forth the following response to Appellant's argument.

After hearing all of the testimony and evidence presented, and the defense having rested, th[e trial court] began to announce its findings. At that time, defense counsel declared that he wished to make an argument to the [trial c]ourt. Th[e trial c]ourt then allowed for defense counsel to make his argument. After hearing defense counsel's argument, which th[e trial c]ourt ultimately rejected, we proceeded to announce our verdict, finding [Appellant] guilty.

[Appellant] was afforded an opportunity to be heard and a chance to defend himself before th[e] fair and impartial [trial c]ourt. [Appellant] had the opportunity to present evidence and testimony in his favor, as he did. Defense counsel was likewise afforded the opportunity to present his argument to th[e trial court]. Furthermore, [Appellant] did not present any evidence that he was prejudiced in any way.

Trial Court Opinion, 7/31/2017, at 6 (unnecessary capitalization omitted).

We agree with the trial court that Appellant was afforded the opportunity to be heard and provide evidence and testimony as he sought fit. We likewise find that the trial court did not violate Appellant's procedural due process rights, as the court allowed Appellant's counsel to make a closing argument when he requested to do so. The fact that the trial court, after hearing all the evidence presented, concluded that Appellant's *de minimis* argument was without merit, explaining its reasoning after defense counsel noted that the court seemed "skeptical," does not demonstrate that the court failed to consider thoughtfully all the evidence prior to announcing its verdict. N.T., 5/17/2017, at 38. Further, we note that Appellant only baldly asserts that he was "absolutely prejudiced" by the trial court's actions, but fails to elaborate exactly what prejudice was actually suffered and how that prejudice warranted a new trial.

Moreover, we reject Appellant's contention that the **Thompson** case has a "similarly situated fact pattern" and thus, like **Thompson**, Appellant is entitled to a new trial. Appellant's Brief at 16. Here, unlike in **Thompson**, Appellant was able to put forth his case, including calling two defense witnesses to testify on Appellant's behalf. Furthermore, the trial court indulged Appellant's request to make a closing argument, and after explaining its reasoning for rejecting counsel's *de minimis* defense, the trial court asked if there was anything further. N.T., 5/17/2017, at 40. Only the Commonwealth responded. Based upon the foregoing, we find that the trial

court neither violated Appellant's due process rights, nor did its actions prejudice Appellant.

Lastly, Appellant avers the trial court erred in failing to find that his actions were *de minimis*. Appellant's Brief at 17-25. Appellant acknowledges that there was a factual dispute among testifying witnesses as to the length he drove. Appellant nonetheless argues that his travel on Park Drive was (1) for a very short period of time; (2) on a roadway that was not heavily traversed; and (3) done for the purposes of getting from one parcel of land he owned to another. *Id.* at 19. Appellant further contends "that his conduct should be construed as that which was within a customary license or tolerance for farm machinery as it relates to subsection 312(a)(1)" because, according to Appellant, he only drove from one property he owned and was working on at 21 Park Drive to another property he owned at 29 Park Drive. *Id.* at 18.

We review this claim mindful of the following.

> A person who drives a motor vehicle on a highway or trafficway of this Commonwealth at a time when the person's operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3802 (relating to driving under influence of alcohol or controlled substance) or the former section 3731, because of a violation of section 1547(b)(1) (relating to suspension for refusal) or 3802 or former section 3731 or is suspended under section 1581 (relating to Driver's License Compact) for an offense substantially similar to a violation of section 3802 or former section 3731 shall, upon conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $500 and to undergo imprisonment for a period of not less than 60 days nor more than 90 days.

75 Pa.C.S. § 1543(b)(1).

The court shall dismiss a prosecution if, having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, it finds that the conduct of the defendant:

(1) was within a customary license or tolerance, neither expressly negatived by the person whose interest was infringed nor inconsistent with the purpose of the law defining the offense;

(2) did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction; or

(3) presents such other extenuations that it cannot reasonably be regarded as envisaged by the General Assembly or other authority in forbidding the offense.

18 Pa.C.S. § 312(a).

The trial court responded to Appellant's claim as follows.

To the extent that [Appellant] is claiming that his actions was [*sic*] not inconsistent with the purpose of the law, [the trial court refers] to the Superior Court who stated:

Section 1543(b) was enacted in coordination with the new Drunk Driving Law as part of the legislature's broad response to the serious problem of intoxicated drivers. The economic losses, social disruptions and personal tragedies resulting from drunk driving are well documented and the subject of increasing public awareness. The legislature's intent, in enacting 75 Pa.C.S [] § 1543(b), was to strictly enforce DUI suspensions, in direct response to a severe threat to public safety.

***Comm[onwealth] v. Guthrie***, 616 A.2d 1019, 1021 (Pa. Super. 1992) (internal quotation marks and citations omitted). [The trial court] likewise f[ound] that any such argument by [Appellant] that his conduct was not inconsistent with the purpose of the law is clearly unsupported. [Appellant's] license had been suspended

- 9 -

due to a previous DUI and enforcing the suspension is an evident intention of the statute.

The basis for [Appellant's] argument, as th[e trial court] deduces from the record, is that [Appellant's] contact with the roadway was so minimal that it represented a violation too trivial to warrant the condemnation of conviction. Defense counsel argued to th[e trial court] that [Appellant] was only on the roadway for "a few seconds." Despite the fact that there was conflicting testimony as to the amount of time and distance that [Appellant] operated the truck on the roadway, [the trial court] find[s] it irrelevant as to the offense. [The] Superior Court heard a similar matter in **Commonwealth v. Eliason**, 509 A.2d 1296 (Pa. Super. 1986), in which the defendant was found guilty of driving under suspension "as a result of operating a three-wheeled vehicle on a public highway for approximately ten seconds." In rejecting defendant's argument that the trial judge had abused his discretion in not dismissing the matter as *de minim[i]s* under Section 312, the [Superior] Court stated:

> Notwithstanding the brevity of the offense committed against the Commonwealth, this was the type of conduct which the legislature sought to prevent. Just as we upheld a shoplifting prosecution for $1.59 in **Commonwealth v. Campbell**, [417 A.2d 712 (Pa. Super. 1980)], so must we uphold appellant's momentary infraction of the law. The seriousness of an offense cannot always be determined by the quantity or quality of the injury to the Commonwealth.

[The trial court is] constrained to the same analysis in the matter *sub judice*. [Appellant] argues that for a matter of only a few seconds, he strayed from the side and onto the roadway. The Commonwealth's witnesses testified that they observed [Appellant] on the roadway for about 200 to 300 feet. [Appellant's] own witness testified that they were on the roadway for 20 yards. [The trial court finds] that the distance is not so trivial as to be deemed *de minim[i]s*. Further still, we find that any such infraction, despite the length in time or distance, is reprehensible to the spirit and letter of the law.

Trial Court Opinion, 7/31/2017, at 7-8.

We discern no abuse of discretion in the trial court's conclusion. We agree that our case law supports the court's finding that Appellant's conduct was not *de minimis*. **See Eliason**. Further, as Appellant acknowledged in his brief, Appellant cites no case law to support his proposition that "his conduct should be construed as that which was within a customary license or tolerance for farm machinery[.]" Appellant's Brief at 18. No relief is due.

Accordingly, after a thorough review of the record and briefs, we find Appellant has presented no issue on appeal which would convince us to disturb his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/4/2018